CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert Elguezabal**, | Case No. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Josie Gonzales; Guilberto Diaz; Sonia Diaz;** and Does 1-10, | |
| Defendants. | |

Plaintiff Robert Elguezabal complains of Defendants Josie Gonzales; Guilberto Diaz; Sonia Diaz; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair for mobility.

2.  Defendant Josie Gonzales owned the real property located at or about 9097 Sierra Ave., Fontana, California, in December 2016.

3.  Defendant Josie Gonzales owns the real property located at or about

Complaint

9097 Sierra Ave., Fontana, California, currently.

4.    Defendant Guilberto Diaz owned the Restaurant Taqueria Los Paisanos located at or about 9097 Sierra Ave., Fontana, California, in December 2016.

5.    Defendant Guilberto Diaz owns the Restaurant Taqueria Los Paisanos located at or about 9097 Sierra Ave., Fontana, California, currently.

6.    Defendant Sonia Diaz owned the Restaurant Taqueria Los Paisanos located at or about 9097 Sierra Ave., Fontana, California, in December 2016.

7.    Defendant Sonia Diaz owns the Restaurant Taqueria Los Paisanos ("Restaurant") located at or about 9097 Sierra Ave., Fontana, California, currently.

8.    Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.    The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Complaint

Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. The Plaintiff went to the Restaurant in December 2016 to eat.

13. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

14. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

15. However, the path of travel at the Restaurant leading to the entrance door was inaccessible to wheelchair users.

16. The ramp that runs up to the entrance did not have a landing on the day of plaintiff's visit. It terminated at the door and there was no landing whatsoever. What is more, the ramp had a slope of about 15%.

17. Restrooms are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

18. The restroom doorway clear passage width was less than 32 inches and inaccessible to wheelchair users.

19. The toilet stall was improperly configured and too small for wheelchair users, measuring less than 60 inches in width and 59 inches in depth.

20. Instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there was only one grab bar.

21. The restroom mirror was mounted on the wall so that its bottom edge was more than 40 inches above the finish floor.

22. The disposable toilet seat cover was mounted so that its highest

Complaint

operable part was greater than 54 inches above the finish floor.

23. The restroom sink had a pedestal style sink that did not provide any knee clearance for wheelchair users.

24. Currently, the restroom doorway clear passage width is less than 32 inches and inaccessible to wheelchair users.

25. Currently, the toilet stall is improperly configured and too small for wheelchair users, measuring less than 60 inches in width and 59 inches in depth.

26. Currently, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there is only one grab bar.

27. Currently, the restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor.

28. Currently, the disposable toilet seat cover is mounted so that its highest operable part is greater than 54 inches above the finish floor.

29. Currently, the restroom sink is a pedestal style sink that does not provide any knee clearance for wheelchair users.

30. Plaintiff personally encountered these barriers.

31. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

32. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

33. Transaction counters are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

34. Even though the plaintiff did not personally confront the barrier, the transaction counter at the Restaurant was more than 36 inches in height.

35. There was no lowered, 36-inch or lower portion of the transaction counter at the Restaurant for use by persons with disabilities.

Complaint

36. Currently, the transaction counter at the Restaurant is more than 36 inches in height.

37. Currently, there are no lowered, 36-inch or lower portion of the transaction counter at the Restaurant for use by persons with disabilities.

38. Plaintiff visited the Restaurant in December 2016.

39. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

40. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

41. Plaintiff is and has been deterred from returning and patronizing the Restaurant because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

42. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

43. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

44. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

Complaint

Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

46. Ramps with elevation changes greater than 6 inches cannot be steeper than 8.33%. 1991 Standards § 4.8.2; 2010 Standards § 405.2.

47. Here, the ramp slope does not comply with the ADA.

48. Ramps must have a level landing at both the bottom and top of the ramp. 1991 Standards § 4.8.4.

49. Here, there was no landing at the end of the ramp at the entrance, which is a violation of the law.

50. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

51. Here, no such accessible transaction counter has been provided in violation of the ADA.

52. All doors to restrooms must have a minimum clear opening of 32 inches

Complaint

with the door open 90 degrees, measured between the face of the door and the opposite stop. 1991 Standards § 4.22.2; 4.13.5; 2010 Standards § 404.2.3.

53. Here, the failure to provide the 32 inch wide restroom doorway opening is a violation of the ADA.

54. Sinks must provide knee clearance of at least 29 inches in height. 1991 Standards § 4.19.2 and Figure 31; 2010 Standards § 606.2 and 306.

55. Here, no such knee clearance was provided and this is a violation of the ADA.

56. Where a toilet stall is provided in a restroom in existing facilities, the size and arrangement of the standard toilet stall shall comply with either Fig. 30(a) (standard stall) or Figure 30(b) (alternate stall). 1991 Standards § 4.17.3. A standard stall must be at least 60 inches wide by 56 inches deep (if the toilet is wall mounted) or 59 inches deep if the toilet is floor mounted. 1991 Standards § Figure 30(a). An alternate stall must meet one of two configurations: either (1) be exactly 36 inches by at least 66 inches deep (if the toilet is wall mounted) or 69 inches (if the toilet is floor mounted) and provide front transfer grab bars or (2) be at least 48 inches wide by at least by at least 66 inches deep (if the toilet is wall mounted) or 69 inches (if the toilet is floor mounted) and provide side transfer grab bars. 1991 Standards § Figure 30(b).

57. Here, the toilet stall does not meet any option under the ADA and is in violation of the law

58. For a toilet to be considered accessible under the ADA, there must be two grab bars on walls adjacent to the toilet to assist persons with disabilities to transfer to the toilet. 1991 Standards § 4.16.4; 2010 Standards § 604.5.

59. Here, the failure to provide two compliant grab bars is a violation.

60. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

Complaint

61. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA

62. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27.

63. Here, the failure to ensure that the wall mounted accessories met the height requirement is a violation of the ADA.

64. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

65. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

66. Given its location and options, plaintiff will continue to desire to patronize the Restaurant but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

67. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

68. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

69. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

Complaint

discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: January 10, 2017          CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorneys for plaintiff

10

Complaint